```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
HARRISON HINES and ARGONAUTIC                               :
VENTURES MASTER SPC,                                        :
                                                            :
                              Plaintiffs,                   :     21-CV-10309 (VSB)
                                                            :
                   -against-                                :        **ORDER**
                                                            :
AZOTH INVESTMENT SPC LTD., YUCHEN                           :
SHI a/k/a CASSANDRA SHI, and TAMARA                         :
FRANKEL,                                                    :
                                                            :
                              Defendants.                   :
                                                            :
-------------------------------------------------------- X
```

<u>VERNON S. BRODERICK</u>, United States District Judge:

Currently pending before me is Defendants' motion to compel arbitration and to dismiss certain claims for lack of personal jurisdiction and for failure to state a claim. (Doc. 5.) However, before addressing Defendants' motion I must address the threshold issue of my jurisdiction to hear this case.

This action was removed from state court on December 3, 2021. (Doc. 1 ("Notice of Removal").) According to the notice of removal, subject matter jurisdiction in this action is proper under the diversity of citizenship statute "because the case is between citizens of different states and in which citizens or subjects of a foreign state are additional parties, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." (*Id.* ¶ 5.)

Federal district courts are courts of limited jurisdiction and must confirm that they have subject matter jurisdiction over matters before them. *See Durant, Nichols, Houston, Hodgson & Cortese–Costa P.C. v. Dupont*, 565 F.3d 56, 62–63 (2d Cir. 2009). "Although neither party has raised a question as to this Court's jurisdiction . . . 'it is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings,

1

may raise the question of whether the court has subject matter jurisdiction.'" *Sanders v. New World Design Build, Inc.*, 19-CV-1071 (VSB), 2020 WL 1957371, at *1 n.2 (S.D.N.Y. Apr. 23, 2020) (quoting *United Food & Com. Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994)); Fed. R. Civ. P 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Under the diversity of citizenship statute, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different states" or "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(1), (3). Corporations are citizens of every state in which they are incorporated and have their principal places of business. *See* § 1332(c); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (a corporation's principal place of business is its "nerve center," meaning its "actual center of direction, control, and coordination"). By contrast, an unincorporated association like "a limited liability company has the citizenship of its membership" "for purposes of diversity jurisdiction." *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000) (citation omitted); *Ocean Units LLC v. Ill. Union Ins. Co.*, 528 F. Supp. 3d 99, 101 (E.D.N.Y. 2021) ("[T]he citizenship of an unincorporated association like a limited liability company is not tied to the state in which it is formed or has its principal place of business; rather, a limited liability company takes the citizenship of each of its members.").

There must be complete diversity of citizenship between all plaintiffs and all defendants. *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014); *see also Hermes of Paris, Inc. v. Swain*, 867 F.3d 321, 323–24 (2d Cir. 2017) (explaining the application of "complete diversity" in the context of a party's seeking "to compel arbitration"). "[D]iversity is lacking . . . where the only parties are foreign entities, or where on

one side there are citizens and aliens and on the opposite side there are only aliens." *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002).

"Furthermore, it is well established that the party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) (alteration and internal quotation marks omitted). The "burden to establish the existence of diversity jurisdiction" thus falls to the party who files a "notice of removal." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 618 (2d Cir. 2019). It is also "well established that allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102-03 (2d Cir. 1997); *see, e.g.*, *Int'l Flight Resources, LLC v. Aufiero*, 21-CV-3029 (VSB), 2022 WL 540660, at *2 (S.D.N.Y. Feb. 23, 2022) (citations omitted).

Here, Defendants filed a "notice of removal" and thus bore the burden of showing "diversity jurisdiction," but Defendants' notice of removal "and the underlying state-court record failed to establish whether the parties to this action were completely diverse." *Navidea Biopharms.*, 943 F.3d at 618. According to the complaint filed in state court prior to removal, Plaintiff Argonautic Ventures Master SPC ("Argonautic") is a Cayman Islands company with principal place of business in Grand Cayman; Plaintiff Harrison Hines "is an individual residing in . . . Puerto Rico;" Defendant Azoth Investment SPC Ltd. ("Azoth") "is a Delaware corporation with no known principal place of business;" and Defendants Yuchen Shi and Tamara Frankel are both "individual[s] believed to be residing in San Francisco, California." (Compl. ¶¶ 9–13.)[1] On its face the complaint provides no information about the citizenship of any of the natural persons

---

[1] "Compl." refers to the Verified Complaint originally filed in state court that was attached to Defendants' Notice of Removal. (Doc. 1-1.)

who are parties to this case.  Moreover, it is far from clear whether the entity parties, as SPCs—"segregated portfolio companies"—should be treated as corporations or as an unincorporated association for the purposes of diversity of citizenship jurisdiction.  *Cf. Hurst v. FutureSelect Portfolio Mgmt., Inc.*, No. 11-3364 SC, 2011 WL 6303409, at *2–3 & n.2 (N.D. Cal. Dec. 16, 2011) (considering, without deciding, whether a "segregated portfolio company organized under the laws of Grand Cayman Islands" is to be treated like a corporation or an unincorporated association for diversity of citizenship purposes).  Regardless, the law in the Second Circuit is clear that I am "not free to speculate" concerning the citizenship of parties "without further evidence."  *Navidea Biopharms.*, 943 F.3d at 618 n.3 (citation omitted).

Second Circuit law is also clear that I can either "remand[] the case to state court because" the removing party failed to demonstrate "complete diversity of citizenship" or "exercise[] [my] discretion to order further discovery to determine whether there was complete diversity of citizenship."  *Id.* at 618.  However, "such discretion should be exercised with caution."  *Id.* (citing *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) ("Removal procedures seek a rapid determination of the proper forum for adjudicating an action.")).  Given this, and out of respect for "the congressional intent to restrict federal court jurisdiction, as well as" the preference for "resolving any doubts against removability," *Lupo*, 28 F.3d at 274 (citation omitted), it is hereby

ORDERED that this action be REMANDED to the state court from which it originated.  The Clerk of Court is respectfully directed to close the open motions on the docket and to terminate this action.

SO ORDERED.

Dated:  March 8, 2022
    New York, New York

_____
VERNON S. BRODERICK
United States District Judge

5